EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@eapdlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENNY LOCARIO,

        Plaintiff,

-against-

MARIA NIEVES and
BETH ISRAEL MEDICAL CENTER,

        Defendants.

10 Civ 6172 (CM) (AJP)

**ANSWER**

Defendants Beth Israel Medical Center ("BIMC") and Maria Nieves ("Nieves") (collectively "Defendants") by their attorneys, Edwards Angell Palmer & Dodge LLP, answer the Complaint as follows:

1. Deny each and every allegation contained in Paragraph 1 of the Complaint, except admit that this Court has jurisdiction over Plaintiff's claims and that venue is proper in the United States District Court for the Southern District of New York.

2. Deny each and every allegation contained in Paragraph 2 of the Complaint, except admit that Plaintiff has been employed at BIMC since November 4, 1989.

3. Deny each and every allegation contained in Paragraph 3 of the Complaint, except admit that Plaintiff currently works in the Medical Records Department.

4. Admit the allegations contained in Paragraph 4 of the Complaint.

5. Deny each and every allegation contained in Paragraph 5 of the Complaint, except admit that BIMC has more than 500 employees.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Deny each and every allegation contained in Paragraph 7 of the Complaint.

8. Deny each and every allegation contained in Paragraph 8 of the Complaint.

9. Deny each and every allegation contained in Paragraph 9 of the Complaint.

10. Deny each and every allegation contained in Paragraph 10 of the Complaint.

11. Deny each and every allegation contained in Paragraph 11 of the Complaint.

12. Deny each and every allegation contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to Plaintiff's reasons for keeping the journal.

14. Deny knowledge or information sufficient to form a belief as to Plaintiff's beliefs regarding the journal.

15. Deny each and every allegation contained in Paragraph 15 of the Complaint.

16. Deny each and every allegation contained in Paragraph 16 of the Complaint.

17. Deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Deny each and every allegation contained in Paragraph 21 of the Complaint.

22. Deny each and every allegation contained in Paragraph 22 of the Complaint.

23. With regard to Paragraphs 1 through 22 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

24. Deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Deny each and every allegation contained in Paragraph 25 of the Complaint.

26. With regard to Paragraphs 1 through 25 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

27. Deny each and every allegation contained in Paragraph 27 of the Complaint.

28. Deny each and every allegation contained in Paragraph 28 of the Complaint.

29. With regard to Paragraphs 1 through 28 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

30. Deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Deny each and every allegation contained in Paragraph 31 of the Complaint.

32. With regard to Paragraphs 1 through 31 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

33. Deny each and every allegation contained in Paragraph 33 of the Complaint.

34. Deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause contained in the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

35. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

36. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that BIMC knew or should have known of any alleged discriminatory, harassing or retaliatory treatment of the Plaintiff or that BIMC acquiesced in any alleged such treatment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred, in whole or in part, because BIMC exercised reasonable care to prevent and correct promptly any discriminatory, harassing or retaliatory behavior at BIMC by having anti-discrimination policies with a complaint procedure.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred, in whole or in part, because BIMC has policies prohibiting discrimination and procedures for investigating and preventing discrimination and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination, harassment and retaliation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination, retaliation and harassment were established, and complied with, by BIMC and there is no record of prior incidents of discriminatory or retaliatory conduct by any employee, agent, or independent contractor of BIMC who is alleged by Plaintiff to have discriminated or retaliated against her.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, because she failed to satisfy the conditions precedent to commencing this action.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

42. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Date: September 28, 2010
      New York, New York

                                  EDWARDS ANGELL
                                  PALMER & DODGE LLP

                By: _____
                     Rory J. McEvoy
                     Attorneys for Defendants
                     750 Lexington Avenue
                     New York, New York 10022
                     212.308.4411
                     rmcevoy@eapdlaw.com

To: Albert Van-Lare, Esq.
     The Law Offices of Albert Van-Lare
     Attorneys for Plaintiff
     80 Wall Street, 3rd Floor
     New York, New York 10005
     212.608.1400
     vanlareesq@aol.com

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@eapdlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PENNY LOCARIO,

    Plaintiff,        10 Civ. 6172 (CM) (AJP)

  -against-        **AFFIDAVIT OF SERVICE**

MARIA NIEVES and
BETH ISRAEL MEDICAL CENTER,

    Defendants.

---

Julie Sauer, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 28th day of September, 2010, she caused a true and correct copy of the foregoing ANSWER to be served upon:

**Albert Van-Lare, Esq.**
**The Law Offices of Albert Van-Lare**
**Attorneys for Plaintiff**
**80 Wall Street, 3rd Floor**
**New York, New York 10005**
**212.608.1400**

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

_____
Julie L. Sauer

Sworn to before me this
28th day of September 2010

_____
Notary Public

JEAN W. McLOUGHLIN
Notary Public, State of New York
No. 01MC6184463
Qualified in Queens County
Commission Expires April 7, 20 12